The Iowa Central Building & Loan Association, Appellee, v. Ida M. Vogt, Appellant, M. E. Wilcox et el., Defendants.

**Building and Loan Mortgage:** FORECLOSURE: *Usury.* Where a mortgage to a building association provided that the borrower should pay a certain amount each month on the shares of stock held by her, a certain per cent on the loan, and a monthly premium of a certain sum per share, besides fees and penalties, the whole exceeding 12 per cent of the loan, she was chargeable on foreclosure with 12 per cent, as allowed by Code, section 1898, and no more.

REVIEW ON APPEAL: *Undue credits to appellant.* On appeal in a mortgage foreclosure, defendant cannot complain of credits erroneously allowed in her favor.

*Appeal from O'Brien District Court.*—Hon. John F. Oliver, Judge.

WEDNESDAY, OCTOBER 23, 1901.

Suit in equity to foreclose a mortgage executed to plaintiff, a building and loan association. The trial court found a certain amount due, and ordered foreclosure of the mortgage for the amount so ascertained. Defendant Ida M. Vogt, the borrower, appeals.—*Affirmed.*

*J. A. Wilcox* for appellant.

*Maxwell & Maxwell* for appellee.

Deemer, J.—Defendant Vogt became a shareholder in plaintiff association in January, 1892. On October 27th of that year she made application for a loan of $600, which was duly granted, and she executed the mortgage in suit as security therefor. At the same time she executed a note whereby she promised to pay 60 cents per month on 6 shares of stock held by her in the association, and 6 per cent. per annum on $600, and a monthly premium of 50 cents per share until the bond or note was paid, and also agreed to pay all fines or penalties that might be assessed against her pursuant to the articles of incorporation or by laws of the association. It was also agreed that in case of non-payment of any of said sums for the period of four months the whole loan should mature, with 6 per cent. interest and monthly premiums on the proceeds from last default of interest payment. Before becoming a borrower, defendant paid as dues and for membership, $42. After making her loan she paid from $8.20 to $10.20 per month as dues, interest, and premium until November 1, 1898, when she defaulted. She also paid $25.40 in fines. As we understand it, the dues were $3.60 per month, interest $3, and premium $3, except as these last two items were reduced by payments already made. There was no showing as to the withdrawal value of the shares, save this from the articles of incorporation: "If withdrawn at any time after four years, and before seven, the shareholder shall receive the amount of dues paid into the loan fund, and seven per cent. interest for the average time of said payments, less all fines and penalties due from her."

The trial court, as we understand it, charged defendant with the amount of the loan, and as interest, dues, premiums, and fines amounted to more than 12 per cent. per annum, charged her with interest at the rate of 12 per cent. as provided in section 1898 of the Code, payable monthly. It then allowed her credit for all amounts paid, whether as interest, dues, premiums, or fines, and found a balance due

plaintiff of $160.96, which included interest at the rate of 6 per cent. from date of last payment, and taxes to the amount of $12.45.   This computation is complained of and *Iowa Sav. & Loan Asso. v. Heidt,* 107 Iowa, 297, is relied on as an authority in support of defendant's complaint.   No claim is made that the agreement with the association is usurious, and there is no doubt that defendant received the whole of the $600.   She received credit for all sums paid by her, including premium interest, fines, and dues.   The amount she paid and agreed to pay was in excess of 12 per cent. per annum, payable monthly; and the trial court correctly found that she should be charged with 12 per cent., and no more.   Code section 1898; *Spinney v. Miller,* 114 Iowa, 210, and cases cited.   The credits were not allowed as provided in section 1898, which provides for credit for withdrawal value of shares; but, as plaintiff has not appealed, no correction can be made in its favor.   Defendant was not entitled to credit for dues and premiums paid.   They are not to be returned as such. *Briggs v. Association,* 114 Iowa, 232.   But defendant is in no position to complain of this.   The district court was in error in crediting defendant with the amount paid on her stock prior to the time the loan was made, but this error was to plaintiff's prejudice, and defendant connot complain.   The constitutional questions argued are settled by the *Heidt Case, supra,* and *Edworthy v. Association,* 114 Iowa, 220. While the computation made by the district court was erroneous, the error was in defendant's favor, and she has no cause for complaint.   The withdrawal value of the shares should have been credited, and also the interest paid on the loan.   In case of a going concern, the withdrawal value of the stock represents fines, dues, and dividends.   The decree of the district court should not be disturbed.—Affirmed.